UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RALPH DEWAYNE LOWNSBERY, | ) | CASE NO. 4:05 CV 835 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARK A. BEZY, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On March 31, 2005, plaintiff pro se Ralph DeWayne Lownsbery filed this Bivens[1] action against Elkton Federal Correctional Institution ("FCI-Elkton") Warden Mark A. Bezy. He filed an amended complaint on May 19, 2005. In the amended complaint, Mr. Lownsbery asserts that he was denied proper medical care in violation of the Eighth Amendment. He seeks monetary damages.

### *Background*

Mr. Lownsbery states that in June 2003, he began to notice "floaters" drifting across his

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

line of vision. He saw FCI-Elkton Dr. Gabriel concerning these symptoms and was told he was experiencing an age-related problem which would heal without medical intervention. He claims he began to conduct his own medical research when his symptoms did not abate, and became convinced that he was suffering from retinal detachment. Mr. Lownsbery submitted to prison officials a copy of the page of the "eye book" describing retinal detachment, but was still denied an appointment with an ophthalmologist who regularly visited the prison. (Compl. at 3.) Mr. Lownsbery contends that on July 17, 2003, Dr. Gabriel finally diagnosed his condition as retinal detachment. He received corrective surgery on July 28, 2003.

Shortly after his surgery, Mr. Lownsbery was taken for an MRI. He alleges that the prison's health services administrator scheduled the procedure prior to the diagnosis of his condition and the resulting surgery. Mr. Lownsbery contends that the MRI was not approved by his doctors or his surgeon and caused his retina to tear in half. He claims he was forced to undergo additional surgeries which have left him "technically blinded" in that eye. (Compl. at 5.) He asserts that the officials at FCI-Elkton were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

### *Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the

district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There are no facts alleged in the amended complaint which reasonably associate Warden Bezy to any of the decisions made with regard to Mr. Lownsbery's medical care.

It appears that the Warden was named as the defendant in this action because he supervises all of the prison staff. For an individual supervisor or employer to be found liable for the acts of an employee, it must be shown that the acts of the employee were in accordance with some official policy or custom or the supervisor encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, the complaint contains no suggestion of a custom or policy of Warden Bezy which may have resulted in the deprivation of a federally protected right of the plaintiff, nor is there a suggestion that he encouraged, acquiesced in, or directly participated in the conduct described in the complaint. Mr. Lownsbery has failed to state a claim upon which relief may be granted against Warden Bezy.

*Conclusion*

Accordingly, this action is dismissed under 28 U.S.C. §1915A.[2] The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s Peter C. Economus   6/10/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[2] This action is dismissed without prejudice to any claim Mr. Lownsbery may have under the Federal Torts Claim Act.

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.